BOBBY GROOMES *v.* COMMISSIONER OF
CORRECTION
(AC 24154)

DiPentima, McLachlan and Hennessy, Js.

Argued September 22—officially released December 21, 2004

*Timothy H. Everett,* for the appellant (petitioner).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Mary Elizabeth Baran,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Bobby Groomes, appeals from the judgment of the habeas court rendered after it dismissed in part his third amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he was provided with effective assistance of counsel. We affirm the judgment of the habeas court.

The underlying facts that gave rise to the petitioner's conviction are set forth in *State* v. *Groomes,* 232 Conn. 455, 459–62, 656 A.2d 646 (1995). The petitioner was convicted after a jury trial of one count of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-8, one count of burglary in the first degree as an accessory in violation of General Statutes §§ 53a-101 (a) (1) and 53a-8, two counts of burglary in the second degree in violation of General Statutes § 53a-102, eighteen counts of burglary in the third degree in violation of General Statutes § 53a-103, one count of attempt to commit burglary in the third degree in violation of General Statutes §§ 53a-49 and 53a-103, and one count of larceny in the second degree as an accessory in violation of General Statutes §§ 53a-123 (a) (1) and

53a-8.[1] The petitioner subsequently was tried to the court and convicted of being a persistent felony offender, in violation of General Statutes § 53a-40 (b). The petitioner was then sentenced to a total effective term of seventy-five years in prison.[2]

Following his conviction, the petitioner presented a seven count petition for a writ of habeas corpus, claiming ineffective assistance of counsel. Specifically, the petitioner claimed that his trial counsel was deficient in failing to investigate his level of intellectual functioning and, as a result, the petitioner was not able to communicate properly with counsel or make informed trial decisions.[3] The court granted the petition as to the seventh count, which alleged ineffective assistance of counsel in failing to advise the petitioner adequately as to the merits of seeking sentence review,[4] and dismissed the petition as to the remaining counts. The court thereafter granted the petition for certification to appeal to this court. This appeal followed.

As an initial matter, we set forth our standard of review. "Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation

---

[1] The petitioner was originally presented on a forty-eight count information. Prior to trial, the prosecution submitted a second amended long form information charging the petitioner only with the crimes to which he had orally confessed when he willingly showed two police officers the "garages or homes that he had entered and told the officers how he had gained entry and what he had taken." *State* v. *Groomes*, supra, 232 Conn. 462.

[2] The petitioner's conviction was affirmed on appeal. *State* v. *Groomes*, supra, 232 Conn. 476.

[3] We note that the petitioner does not claim that he was incompetent to stand trial or that his trial counsel was ineffective for failing to seek a competency hearing.

[4] As a result, the court reinstated the petitioner's right to seek sentence review.

a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 797–98, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413 cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988).

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted.) *Beasley* v. *Commissioner of Correction*, 47 Conn. App. 253, 262, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998).

In the present case, the petitioner claims that he was denied effective assistance of counsel because trial counsel failed to investigate the petitioner's cognitive disabilities. He argues specifically that, but for counsel's failure to investigate, the results of his suppression hearing and sentencing would have been different. We conclude that the petitioner's disabilities were not legally significant and, therefore, disagree.

At the habeas trial, counsel presented expert testimony regarding the petitioner's competence and cognitive abilities at the time of his original trial. The state presented Peter Zeman, a psychiatrist, who testified that "too many variables exist . . . to allow for a meaningful retroactive determination of competency." Crediting the state's expert, the court found that the petitioner's experts were "too speculative in their conclusions about the petitioner's abilities or understanding of events between 1991 and 1993 to serve as a basis for this court's determination of . . . whether trial counsel was ineffective because he failed to investigate the petitioner's level of intellectual functioning." The court further found "credible [trial counsel's] testimony and assessment that the petitioner was able to assist him and understand the proceedings against him."

During cross-examination, the petitioner admitted that he had been arrested on at least ten prior occasions. The petitioner admitted that on each of those occasions, he was represented by a public defender. None of those public defenders, however, requested a psychological evaluation of the petitioner. Furthermore, at each of those arrests, the police informed the petitioner of his rights as required by *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). He admitted that he understood his rights and that he would not lie to the police. The petitioner and the respondent presented conflicting testimony as to what effect, if any, evidence obtained from a psychological evaluation of the peti-

tioner would have had at sentencing. The habeas judge, as the sole arbiter of the credibility of the witnesses and the weight to be given to their testimony, was free to credit the respondent's witnesses over those of the petitioner.

After a thorough review of the transcripts, record and briefs, granting appropriate deference to the court's factual findings and credibility determinations, we conclude that the court properly found that the petitioner failed to prove that his counsel's performance prejudiced the defense.[5] The court, therefore, properly determined that the petitioner had failed to satisfy his burden of establishing that trial counsel provided ineffective assistance and, as such, properly dismissed counts one through six and granted count seven of the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because we conclude that the petitioner failed to satisfy *Strickland*'s prejudice prong, an analysis of whether trial counsel's performance was deficient is unnecessary. See *Nardini* v. *Manson*, supra, 207 Conn. 124.