WALBER GONZALEZ *v.* COMMISSIONER OF
CORRECTION
(AC 24073)

Foti, Schaller and Dupont, Js.

Argued December 9, 2004—officially released March 1, 2005

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Walber Gonzalez, appeals following the habeas court's denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel had rendered ineffective assistance. We dismiss the petitioner's appeal.

The petitioner was convicted, after a jury trial, of conspiracy to commit murder and sentenced to a total effective term of seventeen years imprisonment. The judgment was affirmed on direct appeal. *State* v. *Gonza-*

*lez*, 69 Conn. App. 649, 796 A.2d 1225, cert. denied, 260 Conn. 937, 802 A.2d 91 (2002).

On March 15, 2002, the petitioner filed an amended petition for a writ of habeas corpus, claiming ineffective assistance of trial counsel. The petitioner specifically argued that his counsel was deficient in failing to investigate adequately his asserted defense of an alibi. The court conducted a hearing and, in November, 2002, issued a thorough and well reasoned memorandum of decision in which it denied the petition. The court thereafter denied the petition for certification to appeal. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For

the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004).

The petitioner claims that the issues he raised in his petition warrant appellate review and, therefore, that the court abused its discretion when it denied his petition for certification to appeal. We do not agree with the claim.

The petitioner's claim of ineffective assistance of counsel is premised on his belief that his trial counsel failed to investigate and to present to the jury evidence of an alibi defense. The court concluded that the petitioner failed to demonstrate that his trial counsel's performance was deficient. The court further found that "the petitioner has failed to demonstrate any prejudice that befell him as a result of the alleged failure of his trial defense counsel to conduct an adequate pretrial investigation."

The court found the following facts. The petitioner was represented by attorney Kevin Barrs, a member of the office of the public defender for the judicial district of Hartford. The murder that was the basis of the petitioner's conviction occurred on July 13, 1994. The petitioner and his mother traveled to Puerto Rico sometime during the summer of 1994 to provide assistance to his ailing grandmother, who had been hospitalized from June 14 until July 6, 1994. She was undergoing treatment in Puerto Rico for coronary artery disease, insulin dependent diabetes mellitus and congestive heart failure. The petitioner's mother returned to Connecticut

in August, 1994, and the petitioner remained in Puerto Rico to provide care for his grandmother. After the petitioner's grandmother died in December, 1994, the petitioner continued to reside in Puerto Rico until his arrest on a Connecticut warrant in September, 1996, on murder charges. While in custody in Puerto Rico, the petitioner admitted that he drove the automobile that was used to chase the victim on the night of the murder, a blue automobile reportedly stolen early in July, 1994. Investigators found the petitioner's fingerprints on the exterior of that automobile.

After the petitioner was returned to Connecticut to face trial, Barrs repeatedly asked him to provide names, dates, supporting documents, airline tickets or anything that might support the establishment of an alibi defense. The petitioner never furnished any of the requested information. He did not identify a specific date on which the travel to Puerto Rico took place and did not even identify the name of the airline that provided him air transportation to Puerto Rico.

No alibi defense was presented at the petitioner's trial. After his conviction but prior to sentencing, the petitioner told Barrs that he had been the rear seat passenger in the automobile that was involved in the murder and that he could provide information that could lead to the conviction of the individual who shot the victim. The petitioner asked Barrs to try and use that information to obtain a favorable deal for him at sentencing.

On the basis of those findings, the court concluded: "It is clear from an examination of the evidence in this petition that at the time of the 1999 trial, attorney Barrs did not have any basis upon which he could present an alibi defense on behalf of the petitioner. In fact, the facts adduced at the habeas trial show that had that been attempted, it would have failed miserably."

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Groomes* v. *Commissioner of Correction*, 86 Conn. App. 486, 489, 862 A.2d 305 (2004), cert, denied, 273 Conn. 907, 868 A.2d 747 (2005). The court's findings are supported by the evidence in the record. Further, we conclude that the court's comprehensive analysis of the facts found is sound. The court properly concluded that the petitioner failed to demonstrate that Barrs' representation was deficient.[1] All of the facts, as the court aptly stated, "lead inescapably to the conclusion that the alibi defense was not presented because it was not an alibi."

Further, our thorough review of the issues raised by the petitioner as well as the court's resolution of those issues leads us to conclude that the petitioner has failed to demonstrate that any further review is warranted. Therefore, the court's denial of the petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] Having so determined, we deem it unnecessary to examine the court's further conclusion that no prejudice resulted to the petitioner from the conduct of his trial counsel. Under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner can prevail on a constitutional ineffective assistance of counsel claim only if he establishes (1) deficient performance by his counsel and (2) actual prejudice. "Because both prongs of the *Strickland* test must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *Hunnicutt* v. *Commissioner of Correction*, 83 Conn. App. 199, 206, 848 A.2d 1229, cert. denied, 270 Conn. 914, 853 A.2d 527 (2004).