ROBERT W. HAYNES *v.* COMMISSIONER OF
CORRECTION
(AC 25682)

Schaller, McLachlan and Harper, Js.

Submitted on briefs January 13—officially released March 14, 2006

*Wayne A. Francis*, special public defender, filed a brief for the appellant (petitioner).

*Kevin T. Kane*, state's attorney, *Peter A. McShane*, senior assistant state's attorney, and *Christa Baker* and *Dorothy Busch*, certified legal interns, filed a brief for the appellee (respondent).

*Opinion*

McLACHLAN, J. The petitioner, Robert W. Haynes, appeals following the habeas court's denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance.

The petitioner, who had been charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and carrying a dangerous weapon in violation of General Statutes § 53-206, was convicted of the first charge, and the trial court granted a defense motion for a judgment of acquittal on the charge of carrying a dangerous weapon. The court sentenced the petitioner to a term of twenty years imprisonment, which he is now serving. The conviction was upheld on appeal. See *State* v. *Haynes*, 58 Conn. App. 908, 754 A.2d 220, cert. denied, 254 Conn. 931, 761 A.2d 756 (2000).

The petitioner was represented at trial by attorney Bruce McIntyre. McIntyre and the petitioner were the only two witnesses at the habeas trial. On June 20, 2003, the petitioner filed his amended habeas petition for a

writ of habeas corpus, claiming ineffective assistance of trial counsel in sixteen separately listed particulars. At trial, the petitioner offered evidence that McIntyre was ineffective as to these particulars. The habeas court conducted a hearing and, on June 3, 2004, issued a thorough and well reasoned memorandum of decision in which it addressed each of the petitioner's claims and dismissed the petition. The court thereafter denied the petition for certification to appeal. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a

reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004).

As to each of the claimed areas of ineffectiveness alleged by the petitioner, the court found that McIntyre's representation was not deficient.

On appeal, the petitioner pursues two of the issues he raised in his petition. He claims that the failure of McIntyre to investigate the trial judge's previous contact with the petitioner and to seek his recusal was ineffective assistance, as was the failure of McIntyre to seek additional peremptory challenges, which resulted in the selection of an alternate juror, who ultimately was seated as a regular juror.

The court determined that the claim concerning the possible recusal of Judge Schimelman, the trial judge, was without merit. Before the commencement of the criminal trial, Judge Schimelman indicated that he might have prosecuted the petitioner when the judge was a prosecutor. McIntyre discussed the matter with the petitioner, who was fully aware of Judge Schimelman's prior role. On the record, McIntyre indicated in the presence of the petitioner that the petitioner saw no reason from his past encounters to seek recusal of the trial judge. Furthermore, there was no showing that the failure to seek the recusal caused any prejudice to the petitioner.

The petitioner's second issue on appeal is in two parts. As to the claim that McIntyre was ineffective in failing to challenge jurors for cause adequately and to request additional peremptory challenges, the court found that the petitioner had adduced no evidence to show that trial counsel was deficient in challenging

jurors for cause. Although McIntyre had exhausted all peremptory challenges before the jury was selected fully, the court determined that there was no basis to find that additional challenges would have been granted or that the petitioner had been prejudiced by the failure to request additional challenges. The second part of the petitioner's claim involving jury selection is related. A female juror had sent a note to the court clerk during trial, stating that she had seen the petitioner at a previous time. The court and both counsel questioned the juror in connection with her ability to serve, and trial counsel moved that she be excused for cause, which motion was granted. This resulted in an alternate juror's being seated, who, the petitioner claims, would have been excused if McIntyre had a peremptory challenge; however, the court found no deficiency in McIntyre's handling of challenges. The excused juror had testified that she had not discussed the fact that she had previously seen the petitioner with any other juror. The court instructed her not to discuss that subject or the subject of her discussion in court with any other juror. The petitioner claims that McIntyre should have requested a poll of all jurors in connection with the removal of one juror for cause during trial. On these facts, the court found it unnecessary to poll the jurors individually, and the petitioner did not prove that McIntyre was deficient for not requesting such a poll, nor did the petitioner show that he was prejudiced by that conduct. In summary, the court found that the petitioner had failed to prove deficient performance by McIntyre and, furthermore, that he failed to prove any prejudice arising out of any claimed deficiency.

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony."

(Internal quotation marks omitted.) *Groomes* v. *Commissioner of Correction*, 86 Conn. App. 486, 489, 862 A.2d 305 (2004), cert. denied, 273 Conn. 907, 868 A.2d 747 (2005). The court's findings are supported by the evidence in the record. Further, we conclude that the court's comprehensive analysis of the facts found is sound. The court properly concluded that the petitioner failed to demonstrate that McIntyre's representation was deficient.

Further, our thorough review of the issues raised by the petitioner as well as the court's resolution of those issues leads us to conclude that the petitioner has failed to demonstrate that any further review is warranted. Therefore, the court's denial of the petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.