# WALBER GONZALEZ *v.* COMMISSIONER OF CORRECTION
## (AC 28071)

Bishop, Robinson and Freedman, Js.

Argued February 19—officially released May 6, 2008

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David L. Zagaja*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Walber Gonzalez, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that it lacked subject matter jurisdiction over his petition. The petitioner further claims that the court (1) violated his right to counsel under General Statutes § 51-296, (2) violated his right to due process under the state and federal constitutions, and (3) abused its discretion in denying his motion to open the judgment denying the petition. We disagree and, accordingly, affirm the judgment of the habeas court.

Our review of the record reveals the following facts and procedural history. On January 14, 1998, the petitioner pleaded guilty to larceny in the third degree in violation of General Statutes § 53a-124 and failure to appear in the first degree in violation of General Statutes § 53a-172 (larceny case). The court sentenced the petitioner, in accordance with his plea agreement, to a total effective term of two years incarceration. The petitioner completed his sentence for the larceny case on May 14, 1999.

On the basis of a separate incident, the petitioner subsequently was arrested, tried and convicted of conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (murder case). See *State* v. *Gonzalez*, 69 Conn. App. 649, 650–52, 796 A.2d 1225, cert. denied, 260 Conn. 937, 802 A.2d 91 (2002). The

jury found the petitioner guilty on December 22, 1999. Id., 651–52. The court sentenced the petitioner on February 16, 2000, to a period of seventeen years incarceration. Id., 652. Following his unsuccessful direct appeal, the petitioner filed a petition for a writ of habeas corpus, alleging that his attorney in the murder case had been ineffective. See *Gonzalez* v. *Commissioner of Correction*, 87 Conn. App. 744, 867 A.2d 134, cert. denied, 273 Conn. 929, 873 A.2d 997 (2005). The habeas court denied that habeas petition, and we dismissed the subsequent appeal. See id., 745.

On November 17, 2003, the petitioner, acting pro se, filed a petition for a writ of habeas corpus, alleging that he had received ineffective assistance of counsel from attorney Michael J. Graham. Graham had represented the petitioner when he pleaded guilty in 1998 to the charges of larceny and failure to appear. Specifically, the petitioner claimed that he would not have pleaded guilty if he had known that pretrial jail time credits earned for the larceny case would not be applied to his subsequent sentence for murder.

On December 26, 2003, the office of the chief public defender, habeas corpus unit, filed an appearance on behalf of the petitioner. On June 24, 2004, with the permission of the court, attorney Sean K. Crowshaw, acting as a special public defender, filed an appearance in lieu of the office of the chief public defender, habeas corpus unit. On November 10, 2004, Crowshaw and counsel for the respondent, the commissioner of correction, signed a habeas scheduling order that was approved by the habeas court. This scheduling order provided, inter alia, that the trial date was scheduled for April 27, 2005.

On April 27, 2005, the court noted that Crowshaw did not appear for the scheduled trial. The court then issued an oral decision dismissing the petition. "In light

of the failure of counsel, attorney Crowshaw, to be present, in light of the failure to file an amended petition, in view of the fact that there is no return filed in the file, in view of the fact that of the events that were set forward in the habeas scheduling order that were entered on November 10, 2004, not a single one of those events had been accomplished—and I further note that this involves a 1998 conviction for which the [petitioner] received a two year sentence according to his pro se petition, the petition was filed November, 2003. *On the face of the petition, the court would appear to lack jurisdiction because the sentence has totally run before the filing of the petition. The [case] is dismissed for failure to prosecute and apparent lack of jurisdiction in that the [petitioner] was not in custody at the time . . . he filed the petition.*" (Emphasis added.) Notice of the dismissal was mailed to the parties of record on May 17, 2005.

On May 27, 2005, the petitioner, through the office of the chief public defender, filed a motion to open the judgment. The motion alleged that Crowshaw had been permitted to withdraw prior to the April 27, 2005 dismissal with the understanding that new counsel would be appointed for the petitioner.[1] A petition for certification to appeal also was filed on May 27, 2005. The court denied the motion to open on July 8, 2005. On August 15, 2006, the court granted the petition for certification to appeal.

On appeal, the petitioner claims that the court improperly concluded that it lacked subject matter jurisdiction over his petition. Specifically, he argues that "the petition can state a claim of ineffective assistance of counsel as to counsel in the murder case, which overlapped the larceny case by more than one year, for

---

[1] We note that there is nothing in the record indicating that Crowshaw had been allowed to withdraw as the petitioner's counsel.

failure to coordinate with counsel in the larceny case to ensure that whatever strategy either was employing did not ultimately affect the allocation of the petitioner's jail credits when he was sentenced." The respondent counters that to read the petition in the manner advocated by the petitioner would "contort the pleading in such a way so as to strain the bounds of rational comprehension." We agree with the respondent.

At the outset, we set forth the standard of review and legal principles germane to the petitioner's appeal. Our Supreme Court has "long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

"[P]ursuant to General Statutes § 52-466, a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is legally confined or deprived of his liberty under the challenged conviction. . . . A person is in custody when he is under a legal restraint. . . . A habeas court has subject matter jurisdiction to hear a petition for habeas corpus when the petitioner is in custody at the time that the habeas petition is filed." (Citations omitted; internal quotation marks omitted.) *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191–92, 932 A.2d 467

(2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008); see *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 521–26, 876 A.2d 1178 (2005).

In the present case, the petitioner filed his pro se petition for a writ of habeas corpus on November 17, 2003. In his petition, he indicated that the date of his sentencing was January 14, 1998, his sentence was for two years, his attorney was Graham and that he had pleaded guilty. The petitioner further alleged in his petition that he did not appeal from his conviction and that his attorney had not represented him properly. Finally, the petition claimed that "[t]rial counsel failed to inform the petitioner of the consequences of his guilty plea(s) and full ranges of permissible punishment [when] he authorized the petitioner to plead guilty to a two year sentence . . . ."

It is undisputed that the petition, filed in November, 2003, was filed after the petitioner had completed his two year sentence stemming from his January 14, 1998 guilty plea in the larceny case.[2] The petitioner argues that the petition, drafted pro se, should be read broadly and apply to counsel who represented him on the murder case. We are mindful of the petitioner's pro se status at the time he drafted his petition.[3] "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . .

---

[2] We further note that the petitioner's sentence on the larceny case ended on May 19, 1999, approximately seven months prior to his conviction and sentencing in the murder case.

[3] We note, however, that counsel was subsequently appointed for the petitioner, and the petition was never amended.

*For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice.*" (Emphasis added; internal quotation marks omitted.) *Shobeiri* v. *Richards*, 104 Conn. App. 293, 296, 933 A.2d 728 (2007); see also *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 740 n.26, 937 A.2d 656 (2007).

We have reviewed the petition in the present case.[4] We acknowledge that it must be read in "its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 669, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007). We are also mindful that the "modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 569, 877 A.2d 761 (2005). Nevertheless, it is clear that the petition, as drafted, presents a claim of ineffective assistance of counsel only as to Graham, and not counsel who represented the petitioner in the murder case.

In *Oliphant*, our Supreme Court observed that the rule of liberal construction of pro se pleadings has limits. "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id., 570. It further stated that "while courts should not construe pleadings narrowly and technically, *courts also cannot contort pleadings in such a way so as to*

---

[1] "It is well established that the interpretation of the pleadings presents a question of law, subject to plenary review by an appellate court." *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 194, 908 A.2d 581 (2006).

*strain the bounds of rational comprehension."* (Emphasis added; internal quotation marks omitted.) Id.

In the present case, even under a broad and liberal reading, it is clear that the petition sets forth a claim of ineffective assistance with respect to Graham and not as to counsel who represented the petitioner with respect to the murder case. The petition specifically indicates that Graham was his attorney and refers to the date of the guilty plea when he was represented by Graham. It further indicates that the petitioner received a two year sentence rather than the seventeen year sentence that he received for the murder case. Moreover, the petition states that he entered a plea, as opposed to a jury's returning a verdict of guilty, which happened in the murder case. Further, the petition indicates that he did not file a direct appeal, which was true for the larceny case when he was represented by Graham, but not for the murder case. See *State v. Gonzalez*, supra, 69 Conn. App. 649. We conclude, therefore, that the habeas court properly determined that the claim of ineffective assistance of counsel referred only to the charges to which the petitioner had pleaded guilty on January 14, 1998, and for which he received a sentence of two years, and, therefore, he was not in custody at the time he filed the petition. As a result, the habeas court properly concluded that it lacked subject matter jurisdiction over the petition.

Despite our conclusion regarding subject matter jurisdiction, we need mention briefly the other claims raised by the petitioner's appeal. Specifically, he argues that the court (1) violated his right to counsel under § 51-296, (2) violated his right to due process under the state and federal constitutions and (3) abused its discretion in denying the motion to open.[5] We conclude

---

[5] We remind counsel that "[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues

that under the facts and circumstances of the present case and our determination regarding the lack of subject matter jurisdiction, we need not consider the other claims presented by the petitioner.

Our conclusion is guided and informed by our Supreme Court's decision in *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 514. In that case, the commissioner of correction moved to dismiss the petition for a writ of habeas corpus for lack of subject matter jurisdiction on the ground that the petitioner was not in custody within the meaning of § 52-466. Id., 521. During the pendency of his appeal, the petitioner discovered that the habeas judge previously had represented him. Id., 522. Our Supreme Court concluded that the failure of the habeas judge to disqualify himself constituted plain error. Id., 525. The court, however, conducted an independent review of the jurisdictional issue and concluded that the habeas court lacked subject matter jurisdiction because the petitioner was not in custody at the time he filed his petition. Id. Specifically, the court stated: "*In light of the unique nature of subject matter jurisdiction, we conclude that we independently are obligated to address the commissioner's jurisdictional claim. After conducting an independent review of the record and the case law concerning the custody requirement in § 52-466, we conclude that the petitioner was not in custody when his habeas petition was filed and, therefore, the habeas court lacked subject matter jurisdiction.*" (Emphasis added.) Id., 532. In other words, despite the existence of plain error, our Supreme Court decided the case on

but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Lefebvre* v. *Zarka*, 106 Conn. App. 30, 40 n.5, 940 A.2d 911 (2008); see also *Ziemba* v. *Commissioner of Correction*, 90 Conn. App. 70, 71, 875 A.2d 597, cert. denied, 276 Conn. 905, 884 A.2d 1029 (2005).

the basis of the lack of subject matter jurisdiction and affirmed the judgment of dismissal of the habeas petition.

Similarly, in the present case, we conclude that the lack of subject matter jurisdiction is dispositive of the petitioner's appeal. We previously concluded, on the basis of our plenary review, that the claim of ineffective assistance of counsel applied only to the larceny case for which the petitioner had completed his sentence and, therefore, that the petitioner was no longer in custody.[6] Accordingly, the habeas court lacked subject matter jurisdiction to consider the petition. Even if we were to assume arguendo that these other claims had merit, they do not change the fact that the court simply lacked the authority or power to consider the petition. See *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 300, 934 A.2d 827 (2007) ("[J]urisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." [Internal quotation marks omitted.]), cert. denied, 285 Conn. 907, 942 A.2d 415 (2008). Accordingly, we need not reach the other claims raised in the petitioner's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

___

[6] We note that in the present case, we need not require any findings by the habeas court with respect to jurisdictional facts. "A jurisdictional fact is a fact that will permit a court to find jurisdiction. . . . Specifically, with regard to subject matter jurisdiction, jurisdictional facts are [f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 535 n.23.