******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## ANDREW T. KOBZA *v.* COMMISSIONER OF CORRECTION
### (AC 43396)

Bright, C. J., and Moll and Young, Js.

*Syllabus*

The petitioner, who had been convicted on a plea of guilty to the crime of felony murder, sought a writ of habeas corpus, claiming that his sentence was illegal because the Department of Correction improperly failed to calculate certain job credits that amounted to a reduction of sixty-three days in his sentence. The petitioner alleged that he had had a seven day job that allowed him to earn one day off his sentence for every week he worked while he was incarcerated in Connecticut but that the sixty-three days in sentence reduction he claimed to have earned were taken away from him when he was transferred to a correctional facility in Virginia. The habeas court, without prior notice to the petitioner or a hearing, sua sponte rendered judgment dismissing his habeas petition pursuant to the applicable rule of practice (§ 23-29), concluding that the court lacked jurisdiction because there was no cognizable liberty interest in prison jobs or credits that have not yet been applied to a sentence. The court thereafter denied the petitioner certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court abused its discretion in denying the petitioner certification to appeal from the dismissal of his habeas petition, the court having erred in concluding that it lacked jurisdiction over the petitioner's job credits claim as pleaded.

2. The habeas court erred as a matter of law when it dismissed the habeas petition for lack of jurisdiction: the court improperly concluded that it lacked jurisdiction because no cognizable liberty interest existed in prison employment or credits that have not been applied to a sentence, the petitioner's claim having been that his job credits were earned and credited but then removed without due process, and the court misconstrued the job credits claim as having asserted that the petitioner was denied the right to receive those credits while he was incarcerated in Virginia; moreover, contrary to the claim by the respondent Commissioner of Correction that dismissal of the habeas petition was proper because a certain timesheet constituted undisputed evidence that the petitioner never earned the job credits, at the time of the dismissal, the only information the court properly could have relied on was that contained in the allegations of the habeas petition, as it was not at all clear that the facts in the timesheet were undisputed; furthermore, Practice Book § 23-29 did not provide that the court may dismiss a habeas petition on its own motion without notice to the petitioner and an opportunity to be heard when a jurisdictional determination is dependent on the resolution of a critical factual dispute; accordingly, the judgment was reversed and the case was remanded for further proceedings.

Argued February 9—officially released May, 11, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, dismissed the petition and rendered judgment thereon; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Reversed*; *further proceedings.*

*Deborah G. Stevenson*, assigned counsel, for the appellant (petitioner).

*James W. Donohue*, assistant attorney general, with

whom, on the brief, was *William Tong*, attorney general, for the appellee (respondent).

*Opinion*

BRIGHT, C. J. The petitioner, Andrew T. Kobza, appeals following the habeas court's denial of his petition for certification to appeal from the judgment of dismissal rendered by the court with respect to his petition for a writ of habeas corpus. The petitioner claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal and (2) erred by dismissing his habeas petition, sua sponte, pursuant to Practice Book § 23-29.[1] For the reasons set forth herein, we conclude that the habeas court abused its discretion in denying the petition for certification to appeal. We further conclude that the habeas court erred in its sua sponte dismissal of the habeas petition. Accordingly, we reverse the judgment of the habeas court and remand the case for further proceedings according to law.

The following facts and procedural history are relevant to this appeal. On October 4, 1990, the petitioner was arrested and charged with numerous crimes, including felony murder in violation of General Statutes § 53a-54c. In January, 1992, following a guilty plea, the petitioner was sentenced by the court to a total effective term of forty-five years of imprisonment.[2]

On August 2, 2018, the petitioner filed a pro se petition for a writ of habeas corpus, claiming that his sentence is illegal because the Department of Correction (department) improperly failed to calculate "seven day job credits"[3] that were applicable to his sentence. The petitioner claims that he had earned seven day job credits amounting to a reduction of sixty-three days from his sentence prior to his transfer from MacDougall-Walker Correctional Institution to a correctional facility in Jarratt, Virginia, on August 30, 2001.

On July 12, 2019, without prior notice or a hearing, the habeas court, *Newson, J.*, sua sponte, dismissed the petitioner's habeas petition, pursuant to Practice Book § 23-29, on the ground that the court lacked jurisdiction. Specifically, the court stated that "[t]he petitioner asserts that [he] was denied and/or that the respondent [the Commissioner of Correction] inaccurately calculated his entitlement to receive '[seven] day job credits' while the petitioner was incarcerated in another state pursuant to an interstate transfer." The court held that there is no cognizable liberty interest in prison jobs or to credits *that have not yet been applied to a sentence.* Following the habeas court's dismissal of his habeas petition, the petitioner filed a petition for certification to appeal from the dismissal, which the habeas court denied. On September 16, 2019, the petitioner filed the present appeal.[4] Additional facts will be set forth as necessary.

I

The petitioner claims that the court erred in denying

his petition for certification to appeal from the court's dismissal of his habeas petition for lack of jurisdiction. We agree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Citation omitted; internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 201 Conn. App. 339, 344–45, 242 A.3d 756 (2020), cert. denied, 336 Conn. 905, 242 A.3d 1009 (2021). On the basis of our review of the habeas petition, we agree that the habeas court erred in concluding that it lacked jurisdiction over the petitioner's job credits claim as pleaded and, therefore, we conclude that the habeas court abused its discretion in denying the petition for certification to appeal.

II

The petitioner argues that the habeas court misconstrued his seven day job credits claim and based its jurisdictional ruling on its misreading of the habeas petition as having asserted that the seven day job credits had not yet been applied to his sentence. The petitioner

argues that his petition, as pleaded, alleges that he had earned the seven day job credits and, after they were applied to his sentence, the respondent wrongfully removed them. The respondent contends, in response, that "[t]he facts of this case clearly indicate that the petitioner did not earn [sixty-three] [seven day] job credits while serving a portion of his sentence in Virginia," and he argues further that the habeas court properly dismissed the habeas petition because the petitioner has no cognizable liberty interest in unearned credits. In making this argument, the respondent relies not on the allegations of the habeas petition but on a document purportedly from the department. The document purports to show that sixty-three days of credit, to which the petitioner claims an entitlement, were credited to the petitioner's account in error and then removed. We disagree with the respondent that the court could rely on such a document in sua sponte dismissing the habeas petition, and we conclude that the habeas court misconstrued the petitioner's claim as it was pleaded in the habeas petition. Consequently, we further conclude that the court erred in holding that it lacked jurisdiction over the petitioner's claim.

We begin with our standard of review. "Whether a habeas court properly dismissed a petition for a writ of habeas corpus presents a question of law over which our review is plenary." *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 553, 223 A.3d 368 (2020).

Resolving the petitioner's claim requires us to review the allegations contained in his petition, which he filed as a self-represented party. Accordingly, we are mindful of the petitioner's self-represented status at the time he drafted the habeas petition. "This court has always been solicitous of the rights of [self-represented] litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to [self-represented] litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to [self-represented] litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Emphasis omitted; internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 107 Conn. App. 507, 512–13, 946 A.2d 252, cert. denied, 289 Conn. 902, 957 A.2d 870 (2008).

"It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . It is fundamental in our law that the right of [the petitioner] to recover is limited to the allegations of his complaint. . . . While the habeas court has con-

siderable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . Our reading of pleadings in a manner that advances substantial justice means that a pleading must be construed reasonably, to contain all that it fairly means, but carries with it the related proposition that it must not be contorted in such a way so as to strain the bounds of rational comprehension." (Citation omitted; internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 198 Conn. App. 345, 376–77, 233 A.3d 1106, cert. denied, 335 Conn. 948, 238 A.3d 18 (2020).

In his habeas petition, the petitioner claimed that his sentence is illegal because certain seven day job credits were taken away from him after they were earned. Specifically, the petitioner alleged that, on August 30, 2001, the department transferred him to a correctional facility in Jarratt, Virginia, to continue serving his sentence at that facility. He claimed that, "[b]efore leaving [the MacDougall-Walker Correctional Institution], [the petitioner] had a [seven] day job earning a day off his sentence for every week he worked. Without any hearing or notice, [the petitioner] was sent to [Virginia] and on [February 1, 2002] [the petitioner's seven day job] credit of [sixty-three] days given to him was taken away."[5] Additionally, the petitioner alleged that he was unable to earn seven day job credits during his incarceration at the Virginia correctional facility because his prison employment at that facility was only a five day per week job. The petitioner alleged that "because it was only a [five day] job, [the petitioner] was not given a day off his sentence." (Emphasis omitted.) The petitioner stated further: "All issues like this should have been [dealt] with prior to inmates going to [the Virginia correctional facility]. But [the petitioner] should have never went. [The petitioner's sentence] has been extended by 106 days. Other inmates have been credited their [seven] day credit."[6]

The habeas court, in its notice of dismissal pursuant to Practice Book § 23-29, apparently focused on the allegations regarding the petitioner's not being able to earn additional credits in Virginia and stated that the court lacked jurisdiction on the following basis: "The petitioner asserts that [he] was denied and/or that the respondent inaccurately calculated his entitlement to receive '[seven] day job credits' while the petitioner was incarcerated in another state pursuant to an interstate transfer. The habeas court lacks jurisdiction because there is no recognized liberty interest in prison jobs; *Santiago* v. *Commissioner of Correction*, 39 Conn. App.

674, 680, 667 A.2d 304 (1995); or to credits that have not yet been applied to a sentence. *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 180, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996)."

In the present case, a fair reading of the habeas petition indicates that the petitioner asserted that his seven day job credits were earned before he was transferred to the Virginia correctional facility, applied to his sentence, and then improperly removed. The habeas court, however, misconstrued the petitioner's claim as asserting that the petitioner was denied the right to receive the alleged seven day job credits while he was incarcerated in the Virginia correctional facility pursuant to an interstate transfer. On the basis of its misreading of the petitioner's claim, the court concluded that it lacked jurisdiction because the credits had not yet been applied to the sentence, and it sua sponte dismissed the habeas petition. The court dismissed the habeas petition without providing the petitioner with notice or an opportunity to be heard on the nature of his claim. Thus, in its dismissal of the habeas petition, the court deprived the petitioner of fair notice and an opportunity to be heard on a jurisdictional issue arising from the court's reading of the claim asserted in the habeas petition.

In his brief, the respondent argues that the habeas court properly dismissed the habeas petition because there were "undisputed" facts before the court demonstrating that the court lacked jurisdiction over the petitioner's claim. The respondent contends that "the facts clearly show that [the alleged seven day job credits] were not earned" by the petitioner on the ground that the habeas court had evidence of a timesheet[7] when it dismissed the habeas petition, which indicated that the purported sixty-three days of credits claimed by the petitioner were never earned, were applied to the petitioner's account in error, and, subsequently, were properly removed. Citing to *Cuozzo* v. *Orange*, 315 Conn. 606, 109 A.3d 903 (2015), the respondent argues further that, "[i]n light of the undisputed evidence presented to the court," the habeas petition properly was dismissed for lack of jurisdiction. We find the respondent's argument unavailing.

"A habeas corpus action, as a variant of civil actions, is subject to the ordinary rules of civil procedure, unless superseded by the more specific rules pertaining to habeas actions." (Internal quotation marks omitted.) *Betancourt* v. *Commissioner of Correction*, 132 Conn. App. 806, 812, 35 A.3d 293, cert. denied, 303 Conn. 937, 36 A.3d 695 (2012).

Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . the court lacks jurisdiction . . . ." Section 23-29 "serves,

roughly speaking, as the analog to Practice Book §§ 10-30 and 10-39, which, respectively, govern motions to dismiss and motions to strike in civil actions." *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 561.

In *Cuozzo*, our Supreme Court recognized that "[t]rial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book § 10-30] may encounter different situations, depending on the status of the record in the case. . . . [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (Internal quotation marks omitted.) *Cuozzo* v. *Orange*, supra, 315 Conn. 615. Our Supreme Court has instructed further that, "where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009).

Although Practice Book § 23-29 authorizes the habeas court to dismiss a habeas petition on its own motion, § 23-29 does not provide that the court may dismiss a habeas petition, on its own motion, in the absence of notice and an opportunity to be heard in circumstances in which a jurisdictional determination is dependent on the resolution of a critical factual dispute.

At oral argument before this court, the respondent's counsel acknowledged that there was a factual dispute as to whether the seven day job credits were earned and applied to the petitioner's sentence. Nevertheless, the respondent's counsel argued that the habeas court properly dismissed, sua sponte, the habeas petition because the petitioner failed to produce evidence to support his claim and the habeas court was familiar with the timesheet that showed that the seven day job credits were not earned by the petitioner. We disagree.

It is not at all clear that, at the time the habeas court dismissed the habeas petition that the facts in the purported document were undisputed and that the court could have relied on the document in its determination that it lacked jurisdiction. First, the document was not admitted as an exhibit, and the petitioner never stipulated to its authenticity or contents. Second, the respondent fails to explain how the petitioner could have produced evidence to support his claim when the court dismissed the habeas petition without giving him an opportunity to present such evidence. Third, the petitioner's counsel argued before this court that the accuracy of the document is disputed. Consequently, the timesheet was not "undisputed evidence" as contemplated by the court in *Cuozzo* v. *Orange*, supra, 315 Conn. 606, and could not be the basis for the habeas

court, sua sponte, to dismiss the habeas petition. Instead, when the habeas court dismissed the habeas petition the only information the court properly could have relied on was that contained in the allegations of the habeas petition.

Furthermore, on the basis of its misreading of the petitioner's claim, the habeas court relied on this court's holding in *Abed* v. *Commissioner of Correction*, supra, 43 Conn. App. 176, to conclude that it lacked jurisdiction on the ground that there is no cognizable liberty interest in credits that have not yet been applied to a sentence. *Abed* involved a petitioner's appeal from a habeas court's granting of the respondent's motion to quash and the court's dismissal of a habeas petition. Id., 177. In *Abed*, the petitioner claimed, inter alia, that the habeas court improperly concluded that the prospective denial of good time credits did not deprive him of a liberty interest in his monthly accrual of good time credits and that the denial of statutory good time credits did not constitute an improper prospective denial. Id. This court affirmed the judgment of the habeas court and concluded that the petitioner did not have a liberty interest in unearned statutory good time credits. Id., 180–82.

The habeas court's reliance on *Abed*, here, was misdirected because the petitioner, in the present case, claimed that the job credits were actually earned and credited but then removed without due process.

Similarly, the habeas court's reliance on *Santiago* v. *Commissioner of Correction*, supra, 39 Conn. App. 674, on the basis of its reading of the petitioner's claim, also is misguided. In *Santiago*, five inmates appealed from the judgment of the habeas court dismissing their petitions for writs of habeas corpus. Id., 676. In their consolidated appeal, the inmates claimed, inter alia, that the court improperly granted a motion to quash their habeas petitions because it failed to find a legally cognizable liberty interest on the face of the petitions. Id. The inmates alleged that they had suffered a loss of recreation, school, and work privileges due to their designation as security risk group members. Id., 676–77. This court held that the inmates' allegations failed to implicate a protected liberty interest because a prisoner does not have a property or liberty interest in prison employment, increased recreation, educational courses, or access to visitors. Id., 680. This court, however, concluded that an inmate's allegation that he had suffered a loss of earned good time credits that would have reduced his term of confinement was legally sufficient to implicate a liberty interest to support a constitutional due process claim. Id., 682. We held that, "when a state creates a right to good time credits, it is required by the [d]ue [p]rocess [c]lause to insure that the state-created right is not arbitrarily abrogated." (Internal quotation marks omitted.) Id.

In the present case, the habeas court relied on *Santiago* in concluding that it lacked jurisdiction on the ground that there is no cognizable liberty interest in prison employment. Unlike the inmates in *Santiago*, however, the petitioner, in the present case, did not claim in his habeas petition that his constitutional rights to due process were violated because he had suffered a loss of work privileges. Akin to the inmate in *Santiago*, who alleged that he had suffered a loss of earned good time credits that would have reduced his term of confinement, the petitioner here claims that he has suffered a loss of his seven day job credits that he had earned during his employment at the MacDougall-Walker Correctional Institution. Thus, the habeas court's reliance on *Santiago* also was misplaced.

Accordingly, we conclude that the habeas court erred as a matter of law when it sua sponte dismissed the habeas petition on jurisdictional grounds.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] In his brief, the petitioner sets forth an assortment of claims challenging the propriety of the habeas court's sua sponte dismissal of the habeas petition pursuant to Practice Book § 23-29, and the denial of his motion for articulation. The petitioner also claims that the habeas court committed structural error. Because we conclude that the habeas court erred in dismissing the habeas petition, we need not reach the petitioner's additional claims.

[2] Counsel for the respondent, the Commissioner of Correction, stated at oral argument before this court that the petitioner is presently on parole, but is not fully discharged from the respondent's custody.

[3] General Statutes § 18-98a provides: "Each person committed to the custody of the Commissioner of Correction who is employed within the institution to which he was sentenced, or outside as provided by section 18-100, for a period of seven consecutive days, except for temporary interruption of such period as excused by the commissioner for valid reasons, may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the Commissioner of Correction."

[4] On January 27, 2020, the petitioner filed a motion for articulation of the habeas court's dismissal of the petition for a writ of habeas corpus and the habeas court's denial of the petition for certification to appeal from the dismissal of the habeas petition. On January 28, 2020, the court, *Newson, J.*, denied the petitioner's motion for articulation. On February 3, 2020, the petitioner filed a motion for review with this court of the habeas court's denial of his motion for articulation. This court, on May 14, 2020, granted the motion for review but denied the relief requested therein.

[5] The habeas petition filed before the habeas court on August 2, 2018, states that his seven day job credits were taken away on February 1, 2002. On July 29, 2019, the petitioner filed an application for appointment of counsel and waiver of fees on appeal. Attached to the July 29, 2019 application is a copy of the addendum to the operative habeas petition, wherein the petitioner crossed out that his job credits were taken away on February 1, 2002, and replaced the date with August 1, 2001.

[6] The habeas petition does not state the reason for the alleged 106 day extension of his sentence.

[7] In addition to the filing of his habeas petition, the petitioner requested a waiver of fees and appointment of counsel. After the waiver of fees was granted, the habeas petition was referred to the Office of the Chief Public Defender for investigation of indigence. In January, 2019, a notice was filed with the habeas court in which the Connecticut Innocence Project requested that the habeas court vacate its referral to the Office of the Chief Public Defender for counsel because the petitioner's claim was not a matter in which the Connecticut Innocence Project could be appointed. Attached to the notice is the purported timesheet. The document purports to show that

the respondent erroneously applied sixty-three seven day job credits to the petitioner's sentence, while he was incarcerated at the Virginia correctional facility. The dates on the timesheet purporting to show the erroneous seven day job credits range from August 1, 2002, to November 1, 2002.

In February, 2019, the petitioner filed a motion to request a hearing regarding the denial of representation by the Office of the Chief Public Defender. In March, 2019, the Office of the Chief Public Defender, upon further review of the petitioner's self-represented petition, appointed counsel for the petitioner after making a finding of eligibility.

_____