MARK RYAN *v.* COMMISSIONER OF CORRECTION
(AC 29680)

Bishop, Robinson and West, Js.

Argued February 3—officially released May 12, 2009

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's

attorney, and *Tamarra A. Grosso*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Mark Ryan, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance by failing to preserve his right to appeal following his guilty plea. We disagree and dismiss the appeal.

The record sets forth the following facts and procedural history. The petitioner initially was charged with murder in violation of General Statutes § 53a-54a and other related crimes stemming from a homicide that occurred on Sigourney Street in Hartford on February 14, 2001, after three eyewitnesses told police officers that the petitioner had shot the victim, Angel Miguel Cruz, at close range. In a separate docket, the petitioner was charged with assaulting his pregnant girlfriend, who had a protective order against him, after she notified police on February 2, 2001, that the petitioner had repeatedly punched her.

The petitioner pleaded guilty before the court, *Solomon, J.*, on April 2, 2003, to the following counts: manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a, criminal possession of a firearm in violation of General Statutes § 53a-217, carrying a pistol without a permit in violation of General Statutes § 29-35, assault of a pregnant person in the third degree in violation of General Statutes § 53a-61a and criminal violation of a protective order in violation of General Statutes § 53a-223.[1] His plea resolved all

[1] The petitioner pleaded guilty under the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

outstanding charges against him, and he was given a total effective sentence of twenty-five years imprisonment.[2] Before entering his plea, the petitioner waived his right to a presentence investigation report.

The petitioner filed a revised amended petition for a writ of habeas corpus on July 26, 2007, claiming that his trial counsel had rendered ineffective assistance on five separate grounds and that but for his attorneys' actions or omissions, he would not have accepted the plea bargain and would have elected to proceed to trial and likely would have prevailed at trial. The habeas trial was held on November 2, 2007, and on February 8, 2008, the court, *Swords*, *J.*, denied his petition. The court found that certain of the petitioner's claims had been abandoned and that the petitioner had not met his burden of proof for a claim of ineffective assistance of counsel when the conviction resulted from a guilty plea.[3] On February 14, 2008, the petitioner filed a petition for certification to appeal, which was denied on February 19, 2008. This appeal followed.

Initially, we set forth the pertinent standard of review. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of

---

[2] He was sentenced on April 25, 2003, to twenty-five years imprisonment on the charge of manslaughter in the first degree with a firearm, three years on the charge of criminal possession of a firearm, three years on the charge of carrying a pistol without a permit, one year on the charge of assault of a pregnant person in the third degree and three years on the charge of criminal violation of a protective order, all to run concurrently.

[3] The habeas court noted that because the petitioner had completed serving his sentence for the assault on his girlfriend and for the violation of the protective order at the time he filed his initial pro se petition for a writ of habeas corpus, and because the allegations and evidence set forth at the habeas trial were directed only at the representation he had received in the manslaughter conviction, the petitioner clearly was challenging only the conviction on the remaining offense.

the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Leatherwood* v. *Commissioner of Correction*, 105 Conn. App. 644, 646, 938 A.2d 1285, cert. denied, 286 Conn. 908, 944 A.2d 979 (2008). "The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740, 936 A.2d 653 (2007). To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Key* v. *Commissioner of Correction*, 106 Conn. App. 211, 212, 942 A.2d 417, cert. denied, 287 Conn. 904, 947 A.2d 342 (2008).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Levine* v. *Manson*, 195 Conn. 636, 639–40, 490 A.2d 82 (1985). For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has

the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction*, 98 Conn. App. 497, 502–504, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007).

Although the petitioner raised five separate grounds of ineffective assistance of counsel in his petition, he addresses on appeal only the claim that counsel failed to advise him properly of his right to appeal and to preserve his right to appeal. The petitioner claims that under *Roe* v. *Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2002), there was evidence that nonfrivolous grounds for an appeal existed, namely, his lack of understanding of his actions in waiving his presentence investigation report, and that he has demonstrated that trial counsel was ineffective.[4] We disagree.

---

[4] The habeas court, in addressing this claim, found that this claim was abandoned because no evidence was adduced on this issue and noted that, in addition, the petitioner had done nothing to meet the test established for this type of claim by *Roe* v. *Flores-Ortega*, supra, 528 U.S. 470.

*Roe,* as adopted by *Ghant* v. *Commissioner of Correction,* 255 Conn. 1, 17, 761 A.2d 740 (2000), held that in cases in which a criminal defendant neither instructs counsel to file an appeal nor asks that an appeal not be filed, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Roe* v. *Flores-Ortega,* supra, 528 U.S. 480. The petitioner acknowledges that he did not express to his attorney any interest in appealing but claims that a rational defendant would have wanted to appeal on the nonfrivolous ground that he did not understand the significance of waiving his presentence investigation report.

During the habeas hearing, one of the petitioner's trial counsel testified that in the course of her representation, she told the petitioner what she tells her clients in general, which is that "when there's an agreement [on a sentence by both parties], the presentence report can bring out good things and bad things, and in [the petitioner's] case, because of his record and some of the things I knew about his background that might come out, we would have told him that we thought it might be better for him to waive the presentence investigation report." She also testified that the plea agreement was for a set sentence and that the petitioner did not have the right to argue for a lesser sentence. She noted that a presentence investigation report is usually used for discretionary sentences. The habeas court also noted that the plea agreement gave no sentencing flexibility to the court. There is nothing in the record that demonstrates that there existed any nonfrivolous grounds on

which the petitioner could have appealed; he received the agreed upon sentence as contemplated by the plea agreement, regardless of the existence of a presentence investigation report.[5]

After a careful review of the record and briefs, we conclude that the court did not abuse its discretion in denying the petitioner certification to appeal because there are no issues that are debatable among reasonable jurists, that a court could resolve differently or that deserve further proceedings.

The appeal is dismissed.

---

[5] We also note that *State* v. *Patterson*, 236 Conn. 561, 568, 674 A.2d 416 (1996), held that a criminal defendant does not have a constitutional right to a presentence investigation report. The presentence investigation report is a statutory right, not a constitutional one. See *State* v. *Brown*, 19 Conn. App. 640, 642, 563 A.2d 1379 (referencing General Statutes § 54-91a), cert. denied, 212 Conn. 821, 565 A.2d 540 (1989).