MARCUS MOYE *v.* COMMISSIONER OF CORRECTION
(AC 34827)

Lavine, Beach and Keller, Js.

Argued September 20—officially released December 24, 2013

*John L. Cordani, Jr.*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Marcus Moye, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. He claims that (1) the court erred in rejecting his claim that his trial counsel was ineffective because of his failure to investigate the case properly and to present an alibi defense, and (2) he was denied effective assistance of counsel when his trial and appellate counsel did not raise a double jeopardy claim. We affirm the judgment of the habeas court.

The following facts, as set forth in this court's opinion regarding the petitioner's direct appeal, and procedural history are relevant. On August 3, 2003, at 8 p.m., the victim was found in New Haven fatally shot in the chest. *State* v. *Moye*, 112 Conn. App. 605, 606, 963 A.2d 690, cert. denied, 291 Conn. 906, 967 A.2d 1221 (2009). The victim belonged to a gang that had been feuding with another gang, of which the petitioner was a member. Id., 606–607. A police officer observed a man fleeing from the scene on a bicycle and reported his physical characteristics. Id., 606. Another police officer, Dean Reynolds, observed a man, later identified as the petitioner, who matched the physical description provided by the other officer, riding a bicycle in a different location. Id., 606–607. Reynolds is claimed to have mentioned his observation in a police report.

The police questioned a number of possible witnesses in connection with this incident, including Marvin Gore. Id., 607. Gore told police of another incident involving the petitioner: On August 3, 2003, between 7 and 8 p.m., four blocks from the scene of the murder, the petitioner pulled a gun from his pocket and ordered Gore to hand over everything in his pockets. Id. The petitioner struck Gore in the head when Gore responded that he had nothing. Id.

The petitioner ultimately was charged with murder in violation of General Statutes § 53a-54a and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. He was found guilty on both counts and sentenced to fifty years incarceration. The petitioner's conviction was affirmed on direct appeal.

In March, 2011, the petitioner filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel had rendered ineffective assistance by failing to investigate the case properly and failing

to present an alibi defense.[1] The habeas court found that the petitioner never told his trial counsel that he had an alibi defense, and accordingly, that trial counsel did not render deficient performance in failing to investigate and present an alibi defense of which he was unaware. The court further determined that even if the petitioner had informed his trial counsel of the alibi defense and trial counsel had acted deficiently, there was no prejudice because there was no reasonable probability that an alibi defense would have been successful. The court denied the petition and granted certification to appeal. This appeal followed.

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment [to the United States constitution]. . . . To satisfy the prejudice prong, a claimant must demonstrate

---

[1] The petitioner also claimed in his habeas petition that his trial counsel rendered ineffective assistance by failing to explain properly the likely outcome of the case if it went to trial and failing to present certain witnesses at the time of sentencing. The court dismissed the claim regarding the sentencing and deemed abandoned the claim regarding trial counsel's failure to explain the likely outcome after a trial. On appeal, the petitioner does not challenge these aspects of the court's decision.

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citation omitted; internal quotation marks omitted.) *Toles* v. *Commissioner of Correction*, 113 Conn. App. 717, 721–22, 967 A.2d 576, cert. denied, 293 Conn. 906, 978 A.2d 1114 (2009).

I

The petitioner claims that the habeas court erred in concluding that his trial counsel did not render deficient performance. He argues that "[t]he fundamental question raised by this appeal is: If it is indeed true that [the petitioner] never told [his trial counsel] about his alibi defense, was [trial counsel's] performance nonetheless deficient for failing to act on Reynolds' police report?"[2] We decline to review this claim—that trial counsel should have learned of the alibi through Reynolds' report —because it was not raised in the habeas petition, the report itself was not in evidence, and the habeas court did not decide the issue. See *Henderson* v. *Commissioner of Correction*, 129 Conn. App. 188, 198, 19 A.3d 705 (we "will not consider claims not raised in the habeas petition or [not] decided by the habeas court"), cert. denied, 303 Conn. 901, 31 A.3d 1177 (2011).

Because the habeas court's conclusion regarding deficient performance must stand,[3] we need not address

---

[2] The petitioner claims on appeal that Reynolds' report placed the petitioner a considerable distance from the scene of the homicide at a time reasonably close to that of the homicide.

[3] The court's conclusion that trial counsel did not render deficient performance was based on its findings that trial counsel's testimony that the petitioner did not inform him of his alibi defense was credible and that the petitioner's testimony to the contrary was not credible. The petitioner notes in his appellate brief that he does not challenge the court's finding that he did not inform trial counsel of his alibi defense.

the petitioner's claim regarding the prejudice prong. See *State* v. *Lameirao*, 135 Conn. App. 302, 327, 42 A.3d 414 (reviewing court may look to performance prong or prejudice prong, and petitioner's failure to prove either is fatal to claim of ineffective assistance of counsel), cert. denied, 305 Conn. 915, 46 A.3d 117 (2012); see also *Leatherwood* v. *Commissioner of Correction*, 105 Conn. App. 644, 647, 938 A.2d 1285, (reviewing court can find against petitioner under either prong of *Strickland*), cert. denied, 286 Conn. 908, 944 A.2d 979 (2008).

## II

The petitioner also claims that he was denied effective assistance of counsel by the failure of his trial and appellate counsel to raise a double jeopardy claim. He argues that he previously had been charged with carrying a revolver without a permit in violation of § 29-35 (a) on August 3, 2003, in New Haven, in connection with the attempted robbery of Gore, and that the charge alleging a violation of § 29-35 (a) had been dismissed.[4] He argues that he has been charged twice under § 29-35 (a) for the incidents occurring on August 3, 2003. The petitioner acknowledges that he raised this double jeopardy issue for the first time on this appeal and seeks review of his unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[5] and the plain error doctrine.[6]

---

[4] The specific charge apparently had been dismissed as part of a plea bargain.

[5] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis omitted; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[6] "[T]he plain error doctrine . . . is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that,

"Our Supreme Court has held that *Golding* review is not available for unpreserved claims of error raised for the first time in a habeas appeal. . . . *Golding* does not grant . . . authority for collateral review and is . . . inapplicable to habeas proceedings . . . . Accordingly, this court is not bound to consider a claimed error unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Citations omitted; internal quotation marks omitted.) *Hunnicutt* v. *Commissioner of Correction*, 83 Conn. App. 199, 202–203, 848 A.2d 1229, cert. denied, 270 Conn. 914, 853 A.2d 527 (2004).

The petitioner did not raise the double jeopardy claim in the habeas court, nor did the court rule on it. Accordingly, we decline to review his claim under *Golding*. For similar reasons, we also decline to review the petitioner's claim under the plain error doctrine.

The judgment is affirmed.

although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . [T]he plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 204–205, 982 A.2d 620 (2009).