******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARCUS MOYE *v.* COMMISSIONER OF CORRECTION
(SC 19271)

Rogers, C. J., and Palmer, Zarella, McDonald, Espinosa, Robinson and Vertefeuille, Js.

*Argued January 6—officially released May 12, 2015*

*John L. Cordani, Jr.*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

ZARELLA, J. The primary issue in this case is the extent to which unpreserved constitutional claims may be reviewed on appeal in habeas actions. The petitioner, Marcus Moye, appeals from the judgment of the Appellate Court, which, in upholding the denial of his habeas petition, declined to review an ineffective assistance of counsel claim that he raised for the first time on appeal. The petitioner concedes that his ineffective assistance of counsel claim is unpreserved but argues that he nevertheless is entitled to have his claim reviewed pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), which allows a party to raise an unpreserved constitutional claim under certain circumstances. We disagree and affirm the judgment of the Appellate Court.

The record reveals the following relevant facts and procedural history. Joshua Brown was fatally shot in the city of New Haven at approximately 8 p.m. on August 3, 2003. As the police approached the scene of the shooting, a police officer observed a heavyset, black male wearing a white jersey riding away from the scene on a bicycle. During the subsequent investigation, the police learned that Brown had been a member of a local gang that was feuding with another gang at the time of his death. The police also spoke with a number of witnesses who tied the petitioner to the shooting. One such witness was Marvin Gore, who claimed that, between 7 and 8 p.m. on the night of the shooting, the petitioner had approached him on a bicycle, pulled a gun from his pocket, and demanded that Gore give him everything in his pockets. When Gore responded that he had nothing in his pockets, the petitioner struck Gore on the head with the gun. The attempted robbery occurred four blocks from where Brown was shot.

Three years after Brown was shot and killed, the police concluded their investigation, and the petitioner was charged with murder in violation of General Statutes § 53a-54a and carrying a pistol without a permit in violation of General Statutes § 29-35. A jury found the petitioner guilty on both charges, and the trial court sentenced the petitioner to a forty-five year term of incarceration on the murder charge and a consecutive five year term of incarceration on the weapons charge, for a total effective sentence of fifty years incarceration. The Appellate Court affirmed the judgment of conviction on direct appeal. *State* v. *Moye*, 112 Conn. App. 605, 614, 963 A.2d 690, cert. denied, 291 Conn. 906, 967 A.2d 1221 (2009).

After his conviction was affirmed, the petitioner collaterally attacked his conviction by filing a petition for a writ of habeas corpus, which ultimately gave rise to this appeal. In his petition, he claimed that his trial attorney had rendered ineffective assistance by failing (1) to investigate and assert an alibi defense, (2) to

subpoena certain witnesses who would have assisted in the petitioner's defense, (3) to properly explain to the petitioner the likely outcomes of proceeding to trial versus accepting a plea deal, and (4) to present certain witnesses at his sentencing hearing who were prepared to testify on his behalf. These omissions, according to the petitioner, deprived him of his right to effective assistance of counsel under the sixth and fourteenth amendments to the United States constitution, and article first, § 8, of the Connecticut constitution. The habeas court rejected the petitioner's claim that his attorney had rendered ineffective assistance and rendered judgment denying the habeas petition.

On appeal to the Appellate Court, the petitioner raised for the first time a new theory as to why his attorney had rendered ineffective assistance of counsel. *Moye* v. *Commissioner of Correction*, 147 Conn. App. 325, 326, 81 A.3d 1222 (2013). Specifically, the petitioner argued that his attorney had failed to raise a double jeopardy claim that would have precluded his conviction of carrying a pistol without a permit and the five year term of incarceration imposed in connection with that conviction. See id., 330. The petitioner claimed that, prior to being convicted of murder and carrying a pistol without a permit in connection with the shooting of Brown, he already had been charged with carrying a pistol without a permit in connection with the attempted robbery of Gore.[1] Id. In light of this earlier charge, the petitioner claimed that double jeopardy principles barred his subsequent prosecution for carrying a pistol without a permit at his murder trial. See id. The petitioner conceded that this claim was unpreserved but sought review under *Golding*. Id.

The Appellate Court declined to review the petitioner's claim on the basis that "*Golding* review is not available for unpreserved claims of error raised for the first time in a habeas appeal . . . ." (Internal quotation marks omitted.) Id., 331, quoting *Hunnicutt* v. *Commissioner of Correction*, 83 Conn. App. 199, 202, 848 A.2d 1229, cert. denied, 270 Conn. 914, 853 A.2d 527 (2004). We thereafter granted certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that review under [*Golding*] is unavailable to the petitioner because his unpreserved double jeopardy claim was raised for the first time in his appeal to the Appellate Court?" *Moye* v. *Commissioner of Correction*, 311 Conn. 911, 84 A.3d 880 (2014).

On appeal to this court, the petitioner claims that *Golding* review is available in a habeas appeal for any claim that would have been cognizable in the habeas court. The petitioner argues that *Golding* review is therefore available for his unpreserved ineffective assistance claim because he could have properly raised that claim in the habeas court. The petitioner also argues that his ineffective assistance claim satisfies the require-

ments for *Golding* review and is meritorious. To remedy this alleged violation of his constitutional rights, the petitioner urges us to vacate his conviction for carrying a pistol without a permit and to reduce his term of incarceration by five years, the term to which he was sentenced for that charge.

In opposition, the respondent, the Commissioner of Correction, claims that, as a general matter, *Golding* review is available only to address constitutional defects that arose in the underlying habeas proceeding. Thus, the respondent insists that *Golding* review is unavailable for the petitioner's new ineffective assistance claim because that claim arose out of his criminal trial and not the underlying habeas proceeding. We conclude that *Golding* review is not available for the petitioner's unpreserved ineffective assistance claim and affirm the judgment of the Appellate Court. Accordingly, we need not consider whether the petitioner has satisfied the requirements for *Golding* review or address the merits of the petitioner's ineffective assistance claim.

We begin our analysis by setting forth the standard of review. The question of whether *Golding* review is available for claims raised for the first time in a habeas appeal is one of law. See, e.g., *Crews* v. *Crews*, 295 Conn. 153, 161, 989 A.2d 1060 (2010). Thus, our review is plenary. See id.

To determine the extent to which *Golding* review is available in habeas appeals, it is necessary to understand the origins of *Golding*, as well as how our jurisprudence regarding *Golding* in the context of habeas proceedings has developed in recent years. "*Golding* is a narrow exception to the general rule that an appellate court will not entertain a claim that has not been raised in the trial court. The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . Nevertheless, because constitutional claims implicate fundamental rights, it also would be unfair automatically and categorically to bar a defendant from raising a meritorious constitutional claim that warrants a new trial solely because the defendant failed to identify the violation at trial. *Golding* strikes an appropriate balance between these competing interests: the defendant may raise such a constitutional claim on appeal, and the appellate tribunal will review it, but only if the trial court record is adequate for appellate review." (Citation omitted.) *State* v. *Brunetti*, 279 Conn. 39, 55, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007).

In the context of habeas proceedings, our understanding of when *Golding* review is available has devel-

oped over time. Before addressing *Golding* in the context of *habeas appeals*, this court addressed it in the context of unpreserved constitutional claims raised for the first time in a *habeas petition*. In *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 589 A.2d 1214 (1991), this court decided that the standard in *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), the predecessor to *Golding*, did not apply to freestanding constitutional claims first raised in habeas proceedings.[2] See *Johnson* v. *Commissioner of Correction*, supra, 415–19. In other words, the court held that a habeas petitioner cannot raise a constitutional claim in the habeas court that he has failed to properly preserve at his criminal trial. See id., 415–16. The court reasoned that, unlike in direct appeals, *Golding* review is inappropriate for unpreserved claims first raised in habeas petitions because of the "special problems that are likely to arise relating to the feasibility of a second trial when a conviction is set aside by a habeas court rather than an appellate court," namely, a greater delay between the first and second trials. Id., 415. The court also reasoned that "[a]ppellate counsel would have less incentive to raise on appeal all arguable constitutional claims of the defendant if another opportunity to raise such claims were available in the habeas court." Id., 416. This court subsequently interpreted *Johnson* as establishing that "[*Evans*] and thus, by necessary implication, [*Golding*] . . . do not apply to habeas corpus actions." *Safford* v. *Warden*, 223 Conn. 180, 190 n.12, 612 A.2d 1161 (1992).

Thereafter, the Appellate Court interpreted this precedent as barring *Golding* review of constitutional claims *on appeal* that were not raised before the habeas court. E.g., *Hunnicutt* v. *Commissioner of Correction*, supra, 83 Conn. App. 201–203 (*Golding* review was not available for petitioner's unpreserved claim that trial court improperly had accepted plea that was not knowing and voluntary because petitioner failed to raise claim before habeas court), citing *Safford* v. *Warden*, supra, 223 Conn. 190 n.12; *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991) (*Golding* review was not available for petitioner's claim that sentencing court violated his due process and equal protection rights because petitioner failed to raise those claims in habeas court), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993).

In 2009, this court clarified that *Golding* review is not categorically unavailable in habeas appeals. In *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 967 A.2d 41 (2009), we stated that *Golding* review is available on appeal "[i]nasmuch as [a] petitioner challenges the actions of the habeas court itself . . . ." Id., 67 n.2 For instance, in *Mozell*, we concluded that *Golding* review was available for the petitioner's claim that the habeas court deprived him of his right to due process by arbitrarily declaring a mistrial because it was the habeas court's decision to declare a mistrial that the petitioner

was challenging. See id., 67 and n.2.

Turning to the facts of the present case, we conclude that *Golding* review is not available for the petitioner's unpreserved ineffective assistance of counsel claim because that claim does not arise out of the actions or omissions of the habeas court itself. The court in *Mozell* made clear that *Golding* review is available in a habeas appeal only for claims that challenge the actions of the habeas court. Id., 67 n.2. The petitioner's unpreserved ineffective assistance claim challenges his trial attorney's allegedly unreasonable failure to raise a double jeopardy defense at the petitioner's criminal trial. Thus, the basis for the petitioner's ineffective assistance claim arose during his criminal trial and should have been presented to the habeas court as an additional basis for granting the writ of habeas corpus. The petitioner's claim is simply unrelated to the actions or omissions of the habeas court that denied his habeas petition and, thus, is not the type of claim for which *Golding* review is available on appeal.

We reject the petitioner's argument that his unpreserved ineffective assistance claim falls within the purview of the principle announced in *Mozell*. The petitioner asserts that his ineffective assistance claim is, "[u]nder *Mozell* . . . a challenge to the actions of the *habeas* court itself"; (emphasis in original); because "the habeas court erred, albeit in a way that is unpreserved, by failing to grant [the petitioner] a writ of habeas corpus on the ground that his trial attorney was ineffective for failing to raise a double jeopardy claim." The petitioner's argument lacks merit. The petitioner's unpreserved ineffective assistance claim does not challenge the actions of the habeas court; the habeas court did not, and *could not*, take any action with respect to that claim because the petitioner never presented it to the habeas court. The habeas court is not responsible for the petitioner's own failure to present his ineffective assistance claim involving the double jeopardy defense.

To the extent that the petitioner claims that *Golding* review is more widely available in habeas appeals than just for claims that challenge the actions of the habeas court itself, we also reject the petitioner's claim. The petitioner interprets *Mozell* as providing that "*Golding* review is applicable in a habeas action to the extent that the issue raises a claim that was *cognizable in the habeas court itself*." (Emphasis added.) Under the petitioner's theory, a habeas petitioner could seek *Golding* review of *any* constitutional claim on appeal that he could have properly raised in the habeas court, including claims that arose during the petitioner's criminal trial. The petitioner distorts the principle announced in *Mozell*. The language that we used in *Mozell* plainly limited *Golding* review to claims regarding the "actions of the habeas court itself"; *Mozell* v. *Commissioner of Correction*, supra, 291 Conn. 67 n.2; which is a far

narrower category of claims than all claims that would have been cognizable in the habeas court.

Moreover, the petitioner's theory contradicts the logic implicit in *Mozell*. It makes sense to allow *Golding* review in habeas appeals for claims that challenge the actions or omissions of the habeas court because that is the first instance in which the petitioner could seek review of such a claim. From a procedural standpoint, raising on appeal an unpreserved constitutional claim that arose during a habeas trial is no different from raising on direct appeal an unpreserved constitutional claim that arose during a criminal trial. In both circumstances, the appellant is raising the unpreserved claim in the first possible instance. The petitioner asks this court to sanction *Golding* review under different circumstances. Specifically, the petitioner seeks *Golding* review of a claim that he raised for the first time in his habeas appeal but *could have raised in his habeas petition*. If we were to allow *Golding* review under such circumstances, a habeas petitioner would be free to raise virtually any constitutional claim on appeal, regardless of what claims he raised in his habeas petition or what occurred at his habeas trial. Such a rule would also undermine the principle that a habeas petitioner is limited to the allegations in his petition, which are intended "to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 519, 876 A.2d 1178 (2005), overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 91 A.3d 862 (2014). We therefore reject the petitioner's suggestion that *Golding* review is available for his ineffective assistance claim that arose out of the his criminal trial.

Finally, we reject the petitioner's assertion that *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 951 A.2d 520 (2008), overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 91 A.3d 862 (2014), supports his position that *Golding* review is available in habeas appeals for unpreserved ineffective assistance of counsel claims. In *Johnson*, the petitioner raised for the first time in his habeas appeal a claim that the respondent's retroactive application of *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004), in calculating his presentence confinement credit constituted a violation of his rights under the ex post facto clause of the United States constitution. *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 58. After concluding that the petitioner's ex post facto claim was unpreserved, the court stated: "Nevertheless, a defendant may prevail on an unpreserved [constitutional] claim under . . . [*Golding*] . . . ." (Internal quotation marks omitted.) Id., 60. *Johnson*, however, does not resolve the present appeal because the court in that case concluded that *Golding* review was unavailable because the petitioner failed to request

it.[3] Id. Thus, the court never squarely addressed the issue of whether *Golding* review is available in habeas appeals for unpreserved constitutional claims. For the same reason, any suggestion in the concurring opinion in *Johnson* that the court should have reached the merits of the petitioner's ex post facto claim; id., 68–69 (*Palmer, J.*, concurring); also is not relevant to the present appeal. Accordingly, the petitioner's reliance on *Johnson* is unavailing.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] According to the petitioner, he pleaded guilty to another charge in the attempted robbery case, and the carrying a pistol without a permit charge was dismissed pursuant to the plea deal. See *Moye* v. *Commissioner of Correction*, supra, 147 Conn. App. 130 and n.4.

[2] In reaching this conclusion, the court in *Johnson* rejected the following dictum from *Payne* v. *Robinson*, 207 Conn. 565, 569, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988): "On direct appeal, we will review claims that were not properly preserved at trial when they facially implicate fundamental constitutional rights and are adequately supported by the record. *State* v. *Evans*, [supra, 165 Conn. 70]. We perceive no reason why the same rule should not apply to constitutional claims raised for the first time in a collateral proceeding so long as they are not barred by the petitioner's deliberate bypass of a direct appeal." *Payne* v. *Robinson*, supra, 569; see *Johnson* v. *Commissioner of Correction*, supra, 218 Conn. 415 and n.14.

[3] Prior to this court's decision in *State* v. *Elson*, supra, 311 Conn. 742, appellants were required to affirmatively request review under *Golding* in order to be entitled to such review.